# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON BRENT HODGES,  | 1:09-cv-00699-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| ARNOLD SCHWARZENEGGER, | [Docs. 1, 4] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Court Doc. 3.)

Petitioner filed the instant petition for writ of habeas corpus on April 21, 2009.  (Court Doc. 1.)  On May 13, 2009, the Court issued an order to show cause why the petition should not be dismissed for failure to name a proper respondent and failure to exhaust the state court remedies.[1]  (Court Doc. 4.)  Petitioner has not filed a response.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

---

[1] On May 18, 2009, Petitioner filed a notice of change of address. (Court Doc. 6.)  Then, on May 26, 2009, the Court's Order to Show Cause was returned as undeliverable with a notation that Petitioner had "paroled."  On this same date, the Court re-served the Court's Order at Petitioner's new address of record.

1

1 including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d
2 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's
3 failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
4 See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
5 local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
6 comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
7 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

8 In determining whether to dismiss an action for lack of prosecution, the Court must
9 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
10 Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
11 policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
12 alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
13 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving
14 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
15 case has been pending since April 21, 2009. The Court cannot hold this case in abeyance
16 indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to
17 Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
18 occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522,
19 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their
20 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally,
21 given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

23     IT IS SO ORDERED.

24     Dated:   **June 26, 2009**           /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE